IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| ESTATE OF ANNE MILNER FIELDS, BRYAN K. MILNER, EXECUTOR | ) ) ) ) | |
| Petitioner-Appellant, | ) ) | No. 25-60403 |
| v. | ) ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) ) | |
| Respondent-Appellee. | ) ) | |

**APPELLEE'S UNOPPOSED MOTION TO AMEND OPINION
TO CORRECT ERROR IN RECITATION OF FACTS**

On June 8, 2026, this Court issued a published opinion affirming

the Tax Court's decision, which determined an estate tax deficiency and

a penalty against appellant, the Estate of Anne Milner Fields. The

Commissioner, appellee, makes this motion to request a factual

correction to the following sentence on page 5 of the slip opinion:

> "The estate tax liability was thus diminished by roughly $6 million."

The Commissioner requests that this sentence be corrected to read

instead as follows:

> "The value of the gross estate was thus diminished by roughly $6 million."

The Commissioner submits that the original sentence is incorrect as well as inconsistent with the factual findings of the Tax Court and the second mention of this finding on page 13 of the Court's opinion. Because this finding forms part of the basis for the Court's affirmance of the penalty under I.R.C. (26 U.S.C.) § 6662, the Commissioner is concerned that the inconsistency could create confusion as to the circumstances that may constitute negligence under that provision. And because the error on page 5 appears to be no more than a scrivener's error, correcting it would not undermine the soundness of the opinion.

## BACKGROUND

Shortly before she died, Anne Milner Fields—through her attorney-in-fact Bryan Milner—transferred approximately $17 million of her assets into AM Fields, LP.  (Op. 4–5.)[1]  On her estate tax return, Mr. Milner reported the value of Ms. Fields's limited partnership interest in AM Fields, LP, as $10,877,000, but he did not include the

---

[1] We cite to this Court's slip opinion as "Op." and the record on appeal as "ROA."

value of the transferred assets.  (Op. 4–5.)  Upon examination, the IRS determined that the Estate should have included the value of the transferred assets and, as a result, proposed an estate tax deficiency and a 20% penalty under I.R.C. § 6662(a).  (Op. 5.)

As part of its basis for upholding the penalty, the Tax Court cited Mr. Milner's failure to question "a reduction of approximately $6.2 million in the Estate's *reportable assets* thanks to the seemingly inconsequential interposition of a limited partner interest between Ms. Fields and her assets on the eve of her death," commenting that it should "strike a reasonable person in Mr. Milner's position as very possibly too good to be true."  (ROA.17509–10) (emphasis added).  This Court agreed:  "But the Estate did not explain how, despite Milner's efforts, he did not question the feasibility of a $6 million difference in *reportable assets.*"  (Op. 13) (emphasis added).  The Court found that the Tax Court did not clearly err when it determined Mr. Milner "should have recognized that such a 'fabulous opportunity to avoid tax obligations' was 'too good to be true.'"  (Op. 13) (citation omitted).

## DISCUSSION

Section 6662(a) and (b)(1) of the tax code imposes a 20% penalty on the underpayment of tax that is due to negligence or the disregard of rules or regulations. "Negligence is strongly indicated where a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return which would seem to a reasonable person to be 'too good to be true' under the circumstances." Treas. Reg. § 1.6662-3(b)(1)(ii) (cleaned up); *Sun v. Commissioner,* 880 F.3d 173, 181 (5th Cir. 2018).

The Tax Court relied, in part, on the magnitude of the reduction of the Estate's reportable assets to find Mr. Milner negligent within the meaning of § 6662 (ROA.17509–10), which this Court found was not clear error (Op. 13). On page 13 of the opinion, the Court correctly noted that the amount of the reduction in reportable assets was approximately $6.2 million. On page 5, however, the Court stated that the "*estate tax liability* was diminished by roughly $6 million." (Emphasis added.) The sentences immediately preceding that statement—which describe the difference of the value of the assets transferred into AM Fields, LP (approximately $17 million) and the

value of the limited partnership interest reported by the Estate on its estate tax return ($10,877,000)—make clear that the reference to the diminishment in the "estate tax liability" is most likely a scrivener's error. (Op. 4–5.) However, this error may cause confusion to taxpayers seeking guidance as to what may constitute negligence under § 6662.

## C.    Statement of the opposing party's position

The Estate, appellant, does not object to the relief requested in this motion.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and amend its opinion to correct the error described above.

Respectfully submitted,

/s/ Sherra Wong
SHERRA WONG
Attorney
U.S. Department of Justice
Civil Division, Tax Litigation Branch
P.O. Box. 502
Washington, D.C. 20044
(202) 616-1882

Date:  July 22, 2026

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| ESTATE OF ANNE MILNER FIELDS, BRYAN K. MILNER, EXECUTOR | ) ) ) ) | |
| Petitioner-Appellant, | ) | No. 25-60403 |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) | |
| | ) | |
| Respondent-Appellee. | ) ) | |

**DECLARATION IN SUPPORT OF APPELLEE'S UNOPPOSED
MOTION TO AMEND OPINION TO CORRECT ERROR
IN RECITATION OF FACTS**

Sherra Wong, of the Department of Justice, Civil Division, Tax

Litigation Branch, Washington, D.C., states as follows:

I am the attorney with primary responsibility for defending the

Commissioner's interests in this case.  The facts in support of, and the

reasons for, the Commissioner's unopposed motion to amend opinion are

true and correct to the best of my knowledge.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on this 22nd day of July, 2026, in Washington, D.C.

/s/ Sherra Wong
SHERRA WONG
Attorney

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.  This document complies with the word limit of Fed. R. App. P. 27(d)(2) because:

[X]   this document contains 805 words, **or**

[ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) (as incorporated by Fed. R. App. P. 27(d)(1)(E)) because:

[X]   this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook 14, **or**

[ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s)   /s/ Sherra Wong

Attorney for   Commissioner of Internal Revenue

Dated:   July 22, 2026